■ ANITA SCHANBACK, Respondent, v MARTIN SCHANBACK, Appellant.—In a matrimonial action, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Burstein, J.), dated October 9, 1986, which, upon renewal, granted the plaintiff's motion for upward modification of maintenance.

Ordered that the order is modified, as an exercise of discretion, by (1) deleting therefrom the provision directing the defendant to pay the plaintiff as and for maintenance an additional sum of $150 per week, and substituting therefor a provision directing the defendant to pay the plaintiff as and for maintenance an additional sum of $50 per week for the period April 4, 1986 through October 12, 1986, and (2) deleting therefrom the provision directing the defendant to thereafter pay an additional sum in the amount of $350 per week until such time as the defendant has delivered to the plaintiff a certified check in the sum of $827,628, or until further court order, and substituting therefor a provision directing the defendant to thereafter pay the plaintiff an additional sum of $200 per week (for a total of $250 per week) until resolution of

the economic issues between the parties by the Supreme Court, Nassau County, and the entry of a judgment thereon *(see, Schanback v Schanback,* 130 AD2d 332 [decided herewith]); as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

Contrary to the defendant's contention, the Supreme Court, Nassau County, had the authority to modify the interim maintenance award set forth in the judgment determining the economic issues between the parties, dated February 25, 1986, which was to continue in full force and effect until such time as the defendant paid the first installment of the cash distributive award or until further court order. However, we conclude that the upward modification granted by the court was excessive to the extent indicated. Mollen, P. J., Brown, Rubin and Kunzeman, JJ., concur.